O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| COREY SMITH, JEAN JACQUES K. MOMDJIAN, KINFE GETAHUN, MAOLOUDE TOURE, ADEL MOHAMMEDNUR, CAESAR ARRIAGE, ERMIAS TEKLETSION, SEAN COULSON, JEROME JORDAN DIMAANO, MICHAEL BEZA, LEE SANCHEZ, STEPHEN GOLDSBROUGH, KIRUBEL ASSEFA,<br><br>Plaintiffs,<br>v.<br>SELIG PARKING, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 14-cv-02376-ODW(CWx)<br><br>**ORDER REMANDING CASE TO SUPERIOR COURT** |

On March 27, 2014, Defendant Selig Parking, Inc., removed this action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332, 1441, and 1446. (ECF No. 1.) But after considering Selig Parking's Notice of Removal, the Court finds that it lacks subject-matter jurisdiction over this action. The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number YC069668.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S.

Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). Alternatively, diversity jurisdiction can be established under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

/ / /

In its Notice of Removal, Selig Parking asserts that Plaintiffs are "residents and citizens of the State of California." (Not. of Removal ¶ 8 (citing ¶¶ 1–12 of the Complaint.) But Plaintiffs merely state that they are "individual[s] residing in the County of Los Angeles, State of California." (Compl. ¶¶ 1–12.) While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations are insufficient to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

And Selig Parking does not cite any objective facts to establish that Plaintiffs are, in fact, California citizens, such as "voting registration and voting practices, . . . location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). The Court therefore finds that Selig Parking has not established that this Court has diversity jurisdiction over this case. Accordingly, the Court *sua sponte* **REMANDS** this case to Superior Court of California, Los Angeles County, 825 Maple Avenue, Torrance, California 90503, case number YC069668. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 1, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**